UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ NORTH PENSION FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,

                                                     Plaintiffs,

       -against-

21-cv-4149

COMPLAINT

THE GREGORY COMMONS CONDOMINIUM
ASSOCIATION, INC.,

                                                     Defendant.
------------------------------------------------------------------------------X

Building Service 32BJ Health Fund, Building Service 32BJ North Pension Fund, and Building Service 32BJ Legal Services Fund (the "Funds"), as and for its Complaint against the Gregory Commons Condominium Association, Inc. ("Defendant") respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health, legal services, and pension fund for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay the required contributions to the Funds by electronic transfer, as per the contractual and statutory requirements. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions when due as per the Funds' rules and regulations, Defendant is in breach of ERISA, the collective bargaining agreements, the Funds' respective Declarations of Trust, and the Funds' rules and regulations.

1

**JURISDICTION**

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

**VENUE**

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

**PARTIES**

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to

2

distribute health, legal and pension benefits to those employees eligible to receive them. The Funds maintains their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto the Gregory Commons Condominium Association, Inc. was and continues to be a New Jersey for profit corporation having a principal place of business at 518-530 Gregory Avenue, Weehawken, New Jersey 07086, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, at all times relevant Defendant was and is party to a series of collective bargaining agreements (the "Agreements") with the Union. As part of the Agreements, Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreement, and to follow the Funds' respective Declarations of Trust and collections policies. The Agreement, Funds' Declarations of Trust and Funds' collections policies require that employers also upload employee information into ESS, and then make the payments associated with this employee information. Employer self-reporting is the only way that the Fund is able to determine what contributions are owed, and for whom, on a going

forward basis. To confirm the accuracy of this self-reporting, the Funds also perform payroll compliance audits of employers.

8.      The Fund commenced a payroll compliance audit of Defendant for the time period January 1, 2015 to December 31, 2018.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

9.      The Funds repeat and reallege each allegation set forth in paragraphs 1 through 8 as if fully set forth herein.

10.     Pursuant to the Agreement, there became due and owing to the Funds from Defendant, benefit contributions from January 1, 2015 through December 31, 2018 uncovered as a result of the aforementioned payroll compliance audit.

11.     For the period January 1, 2015 through December 31, 2018, Defendant failed to pay the Funds no less than $46,060.90 in required contributions in violation of the Agreement.

12.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

13.     Further, for many contributions that were ultimately paid by Defendant, these payments were made late, and Defendant is liable to the Funds for interest payments as per the Agreement, the Funds' Declaration of Trust, and the Funds' collection policies.

14.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated

damages, plus interest, the Funds' attorney's fees, audit costs, and court costs incurred in collecting the delinquent contributions.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

15. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

17. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiffs the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

19. Pursuant to the Agreement, there became due and owing to the Funds from Defendant benefit contributions from January 1, 2015 through December 31, 2018, pursuant to the aforementioned payroll compliance audit.

20. For the period January 1, 2015 through December 31, 2018, Defendant failed

to pay the Funds no less than $46,060.90 in required contributions, in violation of the Agreement.    Further, for additional benefit contributions based on employer self-reporting to the Funds, several benefit contributions were untimely made, thereby rendering Defendant liable for interest on the late principal as per the Agreements.

21.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, audit costs, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

WHEREFORE, plaintiff Funds demand judgment:

a.  against Defendant for payment of all past due contributions to date, in an amount of not less than $46,060.90.

b.  against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA  § 502(g)(2) and the Agreement,

c.  against Defendant for accrued prejudgment interest on all contributions, including those untimely made prior to filing of the present suit, in accordance with ERISA  § 502 (g)(2) and the Agreement,

d.  against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, audit costs, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

e.  for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
         May 10, 2021

                                       RAAB, STURM & GANCHROW, LLP

                              By: _____
                                       Samuel R. Bloom (SB1988)
                                       Attorneys for Plaintiffs Funds
                                       2125 Center Avenue
                                       Suite 100
                                       Fort Lee, New Jersey
                                       (Tel) 201-292-0150
                                       (Fax) 201-292-0152